UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PENNY DUNCAN,

    Plaintiff,

v.                                                   Case No: 2:16-cv-553-FtM-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.[1]

_____

# OPINION AND ORDER

Plaintiff, Penny Duncan, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**     **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security on January 23, 2017. Pursuant to Fed. R. Civ. P. 25(d)(1), Nancy A. Berryhill is substituted as the defendant in this case.

death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

## B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If

the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff protectively filed an application for a period of disability and DIB on July 18, 2013, alleging a disability onset date of June 6, 2013. (Tr. 27). Plaintiff's claim was denied initially on September 24, 2013, and upon reconsideration on October 15, 2013. (Tr. 136-38, 141-45). At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") Troy M. Patterson on December 2, 2014. (Tr. 44-66). On December 24, 2015, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 27-37). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on June 21, 2016. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) on July 13, 2016. The parties having filed memoranda setting forth their respective positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period of time from her alleged onset date of June 6, 2013, through her date last insured of December 31, 2014. (Tr. 29). At step two, the ALJ found that

Plaintiff had the following severe impairments: major depressive disorder, post-traumatic stress disorder, diabetes mellitus, generalized arthritis and complications of gall bladder disease. (Tr. 29). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 29).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform medium work as defined in 20 CFR 404.1567(c) except she was limited to frequent postural activities. She could have only occasional exposure to temperature extremes, and she should avoid workplace hazards. The claimant could only have occasional interaction with co-workers, supervisors, and the public.

(Tr. 31). At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a "general clerk" as this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 35). In reaching this finding the ALJ relied on the testimony of a vocational expert. (Tr. 35).

Despite finding that Plaintiff could perform past relevant work, the ALJ continued the sequential evaluation and made an alternative finding at step five that there were jobs that existed in the national economy in significant numbers that Plaintiff could have performed. (Tr. 35-36). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform the jobs of "cleaner/hospital," "hand packager," and "laundry worker." (Tr. 36).

The ALJ concluded that Plaintiff was not under a disability at any time from June 6, 2013, the alleged onset date, through December 31, 2014, the date last insured. (Tr. 36).

## II. Analysis

Plaintiff raises four issues on appeal: (1) whether the ALJ erred by failing to give res judicata effect to a prior administrative decision; (2) whether the ALJ erred by failing to find diverticulitis and/or irritable bowel syndrome is a severe impairment; (3) whether the ALJ erred by failing to develop the record as to Plaintiff's past relevant work; and (4) whether the ALJ erred by failing to find and resolve an inconsistency between the vocational expert's testimony and the DOT. The Court will address each issue in turn.

### A) Whether the ALJ erred by failing to give res judicata effect to a prior administrative decision.

In a prior administrative decision dated June 5, 2013, an Administrative Law Judge found that Plaintiff had the severe impairments of depressive disorder, anxiety, PTSD, mood disorder secondary to chronic pain, diabetes mellitus type II, generalized arthritis, arthralgia secondary to elevated glucose, irritable bowel syndrome, history of diverticulitis of the colon, left sciatica/pain in left hip, and obesity. (Tr. 73). The Administrative Law Judge in the prior administrative decision found that Plaintiff was capable of performing light work, except she could only occasionally perform postural activities such as climbing ramps and stairs, stooping, bending, kneeling, crouching, and crawling. (Tr. 76). In comparison, in this case, the ALJ found that Plaintiff had fewer severe impairments and a less restrictive RFC, i.e. a reduced range of medium work, even though the onset date was only a single day after the Administrative Law Judge's determination in the prior case. (Tr. 29, 31).

Plaintiff argues that the ALJ erred by failing to give res judicata effect to the earlier administrative decision. (Doc. 25 p. 5-7). Plaintiff argues that in order for substantial evidence to support his findings, the ALJ was required to demonstrate that Plaintiff had undergone an improvement in her condition. (Doc. 25 p. 7). Plaintiff contends that the ALJ should have more

fully and fairly developed the record by obtaining records from Plaintiff's previous claim. (Doc. 25 p. 7).

In response, Defendant argues that res judicata does not apply in the instant case because the ALJ is considering a different period than previously adjudicated. (Doc. 28 p. 5). In addition, Plaintiff contends that applying administrative res judicata would for the most part disfavor claimants because in typical cases, the prior claim was denied and adoption of the prior findings would again result in denial. (Doc. 28 p. 5).

Plaintiff acknowledges that the Eleventh Circuit Court of Appeals has not issued a published decision adopting the rule of administrative res judicata she proposes. Instead, Plaintiff primarily relies on two out-of-circuit cases to advance her argument: *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir. 1997) and *Lively v. Secretary of Health and Human Services*, 820 F.2d 1391 (4th Cir. 1987). The Court acknowledges that at least one District Court in the Middle District of Florida has applied administrative res judicata in accordance with *Drummond* and *Lively*. *Gallart v. Apfel*, 2000 WL 782955 (M.D. Fla. June 13, 2000).

In *Drummond*, the Sixth Circuit analyzed whether res judicata applied against the Commissioner of Social Security. A claimant's application for DIB benefits was denied. *Drummond*, 126 F.2d at 839. In the decision, the ALJ found that the claimant was capable of performing sedentary level work. *Id.* At the time of the ALJ's decision, the claimant was 49 years old which under the applicable regulations is classified as a "younger" individual. *Id.* The claimant subsequently filed another application for DIB and was again denied. *Id.* In the second determination, the ALJ found the claimant was capable of medium level work. *Id.* At the time of the second determination, the claimant was between 50 and 54 years old which is considered "a person approaching advanced age." *Id.* If the claimant had been determined to have a RFC of

sedentary work, as decided in the first determination, the claimant would have been entitled to disability benefits under the regulations. *Id.*

The Sixth Circuit held that the doctrine of res judicata applied to the Commissioner and "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Id.* at 842. The Sixth Circuit found that "[t]he burden is on the Commissioner to prove changed circumstances" to show that res judicata should not apply. *Id.* The Sixth Circuit remanded the case with instructions for the district court to remand for an award of benefits. *Id.*

The facts in *Lively* follow a similar pattern. A claimant's application for disability benefits was denied. *Lively,* 820 F.2d at 1391-92. The claimant subsequently filed another application. *Id.* at 1392. In the second application, the claimant had changed age categories and if the RFC that was previously found was determined to apply, the claimant would be entitled to disability benefits under the regulations. *Id.* In the second determination, however, the ALJ determined that the claimant has a less restrictive RFC than before and denied the claim. The court determined that res judicata prevented the subsequent ALJ's from finding a more restrictive RFC absent evidence of medical improvement, explaining "[p]rinciples of finality and fundamental fairness drawn from § 405(h), indicate that the Secretary must shoulder the burden of demonstrating that he claimant's condition had improved sufficiently to indicate that the claimant was capable of performing medium work." *Id.*

In this case, the Court need not determine whether it should adopt the application of administrative res judicata as set forth in *Drummond* and *Lively* because even if the Court were to apply administrative res judicata, Plaintiff has failed to show that remand is warranted. In *Drummond* and *Lively*, if the second ALJ had adopted the first ALJ's RFC findings, then the

claimants would have been entitled to benefits pursuant to the Grids. The instant case differs from *Drummond* and *Lively* in a crucial way. Here, even if the ALJ had adopted the RFC contained in the first decision dated June 5, 2013, i.e., that Plaintiff could perform a reduced range of light work, the Grids would not direct that Plaintiff was disabled. In the instant case, Plaintiff was 51 years old on her date last insured, which is defined as an individual closely approaching advanced age. (Tr. 35); 20 C.F.R. § 404.1563. The Grids direct that an individual with a maximum sustained work capability limited to light work who is closely approaching advanced age, and who is a high school graduate is not disabled. 20 C.F.R. Pt. 404, Subpt. P. App. 2, Grid Rule 202.13-15. In other words, if the Court were to apply the doctrine of res judicata as Plaintiff requests, the doctrine would direct a finding that Plaintiff is not disabled.

Plaintiff has failed to show that the ALJ erred and the Court will not reverse and remand this case with instructions for the ALJ to apply res judicata to the previous administrative decision.

**B) Whether the ALJ erred by failing to find diverticulitis and/or irritable bowel syndrome is a severe impairment.**

Plaintiff argues that the ALJ erred by failing to find that Plaintiff's irritable bowel syndrome and diverticulitis were severe impairments despite evidence in the record indicating diagnosis of these conditions and complaints of stomach cramping and horrible diarrhea. (Doc. 25 p. 9). In response, Defendant argues that an ALJ is not required to identify all severe impairments at step two and that Plaintiff failed to prove her irritable bowel syndrome and diverticulitis were severe impairments. (Doc. 28 p. 9-10).

According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments

qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

In this case, at step two, the ALJ found that Plaintiff had the severe impairments of major depressive disorder, PTSD, diabetes mellitus, generalized arthritis, and complications of gall bladder disease. (Tr. 29). Thus, the satisfied the threshold requirement of step two. Despite finding that these conditions were not severe impairment, the ALJ considered them in formulating his RFC. The ALJ noted that Plaintiff reported having irritable bowel syndrome, diverticulitis, and possible Crohn's disease. (Tr. 32). The ALJ noted that Plaintiff had been diagnosed with chronic diarrhea, which she claims worsened after a gall bladder removal. (Tr. 32). The ALJ noted that Plaintiff had an exacerbation of the condition and reported to Dr. Quero on July 1, 2013, that she normally had three bowel movements per day, but she had been having twenty for the past couple of days. (Tr. 32). The ALJ observed that Dr. Quero said he believed her diarrhea was due in part to taking large doses of Metformin and eating a high fat diet. (Tr. 32). The ALJ noted that Dr. Quero reduced Plaintiff's dosage of Metformin and recommended diet changes. (Tr. 32). The ALJ observed that at a follow-up visit on July 11, 2013, Plaintiff reported her diarrhea had decreased. (Tr. 32). It was noted that she reported that "[t]reatment improves symptoms." (Tr. 339).

The ALJ satisfied the requirements of step two and considered Plaintiff's irritable bowel syndrome and diverticulitis in formulating his RFC. Plaintiff has failed to show that the ALJ has committed reversible error in evaluating Plaintiff's medical conditions.

**C) Whether the ALJ erred by failing to develop the record as to Plaintiff's past relevant work.**

Plaintiff argues that the ALJ erred by failing to develop the record as to Plaintiff's past relevant work. (Doc. 25 p. 10-11). Plaintiff contends that there is no evidence that she performed

the job of general clerk, of if she did, that she performed the work at the substantial gainful activity level. (Doc. 25 p. 10). Plaintiff notes that in the previous administrative decision, the vocational expert testified that Plaintiff had past relevant work as a food service operator. (Doc. 25 p. 11). Plaintiff argues that the ALJ should have obtained the claims file from the prior application and questioned Plaintiff in more detail about her past work to determine if she had past relevant work as a general clerk. (Doc. 25 p. 11).

Here, the Court finds that any error the ALJ committed in finding Plaintiff could return to her past relevant work is harmless as the ALJ continued to step five and made the alternative finding that were jobs that existed in the national economy in significant numbers that Plaintiff could have performed, namely the jobs of "cleaner/hospital," "hand packager," and "laundry worker." (Tr. 36). The Court addresses whether substantial evidence supports the ALJ's step five finding below.

**D) Whether the ALJ erred by failing to find and resolve an inconsistency between the vocational expert's testimony and the DOT.**

Plaintiff argues that the ALJ erred by failing to resolve an inconsistency between the testimony of the vocational expert and the Dictionary of Occupational Titles ("DOT") as required by Social Security Ruling 00-4p. (Doc. 25 p. 12). Specifically, Plaintiff contends that the DOT provides that the jobs of hand packager and laundry worker involve frequent exposure to heat, while the hypothetical posed to the vocational expert provided that the individual should avoid extreme temperatures on no more than an occasional basis. (Doc. 25 p. 12-13). In response, Defendant argues that the ALJ complied with SSR 00-4p by asking the vocational expert about any possible conflict between his testimony and the information in the DOT. (Doc. 28 p. 15).

SSR 00–4p states that when a vocational expert provides evidence about the requirements of a job or occupation, the ALJ has an affirmative responsibility to ask about any possible conflict

between that VE's testimony and the DOT. SSR 00–4p. When the vocational expert's testimony is inconsistent with the DOT, the ALJ must resolve this conflict before relying on the vocational expert to determine whether the individual is or is not disabled. *Id.*

In this case, the ALJ specifically asked the vocational expert if his testimony was consistent with the provisions of the DOT. (Tr. 64). The vocational expert responded, "It has been, your honor, with the exception of testimony regarding the bathroom break and attention and concentration as the DOT does not address those issues. And there I relied on my experience in the field of vocational rehabilitation, job development and analysis." (Tr. 64). Plaintiff did not offer any evidence at the hearing controverting the vocational expert's testimony nor object to the opinion. *See Leigh v. Comm'r of Soc. Sec.*, 496 F. App'x 973, 975 (11th Cir. 2012). There was no apparent inconsistency between the vocation expert's testimony and the DOT, and therefore, the ALJ's opinion was supported by substantial evidence.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of Section 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 20, 2017.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties